SO ORDERED.

Dated: May 9, 2022
New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| ACCESS BUSINESS GROUP INTERNATIONAL, LLC and ACCESS BUSINESS GROUP LLC,<br><br>    Plaintiffs/Counter-Defendants,<br><br>    -against-<br><br>REFRESCO BEVERAGES US INC.,<br><br>    Defendant/Counter-Plaintiff. | Civil Action No. 1:21-cv-10779-LGS<br><br>**STIPULATED PROTOCOL FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |

The parties agree to the following provisions regarding the discovery of electronically stored information ("**ESI**") in this matter.

**A.    ESI DISCLOSURES**

The parties have provided the following information in **Appendix A**:

1.    Custodians.  The parties have identified custodians most likely to have discoverable ESI in their possession, custody, or control.  The custodians are identified by name.

**B.    PRESERVATION OF ESI**

The parties acknowledge that they must take reasonable and proportional steps to preserve discoverable information in their possession, custody, or control.  With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties are not required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties must preserve all discoverable ESI in their possession, custody, or control.

156801861.3

2. The parties must supplement their production of ESI if they learn that in some material respect their production is incomplete or incorrect and the additional or corrective information has not been made known to the other parties.

3. Absent a showing of good cause by the requesting party, the parties are not required to preserve the following categories of ESI:

    a. Random access memory (RAM) or other ephemeral data that are difficult to preserve without disabling the operating system.

    b. On-line access data (e.g., temporary internet files, history, cache, or cookies).

    c. Data that remains from systems no longer in use and that is unintelligible on the systems currently in use.

    d. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

4. The parties agree that voicemails, instant messages or other non-email messaging services, text messages, PDAs, and mobile devices are deemed not reasonably accessible and need not be preserved and collected, unless otherwise ordered by the Court.

**C. PRIVILEGE**

1. The parties must immediately return information produced in discovery that is protected as privileged or work product to the producing party, and the production of protected information does not waive such protection if (i) the information appears on its face to have been

156801861.3

inadvertently produced or (ii) the producing party notifies the receiving parties of the inadvertent production.

2. <u>Privilege logs based on metadata</u>.  Privilege logs must include a unique identification number for each document and the basis for the claim of privilege or work-product protection.  For ESI, privilege logs may be generated using available metadata, including the author/recipient or the to/from/cc/bcc names; the subject matter or title; and the date created.  Should the available metadata provide insufficient information to evaluate the producing party's claim of privilege or work-product product, the producing party must include any additional information that is necessary to evaluate the claim.

**D.    ESI DISCOVERY PROCEDURES**

1. <u>On-site inspection of electronic media.</u>  The parties may not inspect electronic media on-site unless the parties agree to on-site inspection or a party requesting on-site inspection shows that there is specific need and good cause for such inspection.

2. <u>Search methodology.</u>

a. The parties each will initially search for ESI, in the files of the respective custodians listed in **Appendix A**, using only the respective search terms set forth in **Appendix B.**

b. After conducting said searches, and prior to conducting a review of the documents identified in the search for responsiveness and privilege,

(i) if the total number of documents hit, in a parties' search with the respective search terms specified in Appendix B of the files of the custodians listed in Appendix A, is less than 2,000 unique documents, the respective party will proceed to review the documents identified for responsiveness and privilege, and then produce all resulting producible documents; or

156801861.3

(ii) if the total number of documents hit, in a parties' search with the respective search terms specified in Appendix B, is more than 2,000 unique documents, the parties will meet and confer further and endeavor agree on additional search terms to be employed with the objective of reducing the total number of documents hit, in a parties' search with the further specified search terms, to less than 2,000 unique documents. If the parties are unable to reach agreement on such further search terms, either party may file a letter motion with this Court, in the manner provided in Judge Schofield's Rule III.C.3, requesting the Court's assistance in setting additional search terms or other search and review parameters.

c. The parties also will search for responsive, non-privileged documents contained in any segregated or topic file, that any party may have maintained in the regular course of business, that was designated for the Agreement as referenced in the Complaint and Counterclaims in this action, or for the "Products" specified in that Agreement.

d. If during the course of discovery any party determines that a new custodian, data source, or search term is necessary to collect ESI that is relevant, non-duplicative, and not privileged, the parties will work together in good faith to determine whether the search term should be applied or the custodian or data source should be added. If the parties cannot agree whether to add the custodian, data source, or search term, the requesting party may bring the dispute before the Court in the manner provided in Judge Schofield's Rule III.C.3.

3. <u>Format.</u> The parties must produce ESI in either native files or image files that accurately represent the contents of the original ESI. All productions must be accompanied with related field-delimited load files (e.g., Concordance DAT, CSV, OPT, or LOG). All native, text, image, and load files must be named or put in folders in such a manner that all records can be

156801861.3

imported without modifying any path or file name information. Where native format is unavailable, ESI must be produced in a machine-readable format and accompanied by a description of the system from which the ESI was obtained.

4. <u>Metadata fields.</u>  Each document in a production must be identified by beginning Bates number in a metadata load file (*.DAT) reflecting, at minimum, any parent/child relationship and the following fields: beginning Bates number; ending Bates number; beginning attachment Bates number (if applicable); ending attachment Bates number (if applicable); custodians; file extension; original file path; date sent (for e-mail messages); date created (for non-email messages); date modified (for non-email messages); sender (for e-mail messages); author (for non-email documents); to recipient (for e-mail messages); CC recipient (for e-mail messages where applicable); BCC recipient (for e-mail messages where applicable); subject (for e-mail messages); and file name (for non-email messages).

5. If the pages of documents produced can be accurately represented in black and white, they must be produced in PDF or group IV, single-page TIFF format. Pages that require color to be accurately interpreted must be produced in PDF or single-page JPEG format. Each page image must bear the bates number associated with that page and be identified in an image load file in standard Opticon (*.OPT) format showing what pages unitize to make a document. The images must also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data must be provided in document level form and named after the image. Documents that contain redactions must be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

6. <u>Bates numbering and file naming conventions.</u> Images must be endorsed with sequential Bates numbering in the lower right corner of each image. Image and Native file names must be unique and use a file naming convention with the associated beginning Bates number. There may not be special characters (including commas) in the file names.

Dated: New York, New York
May 6, 2022

WARNER NORCROSS + JUDD LLP

By: /s/ Edward J. Bardelli
    Edward J. Bardelli
    Ashley Chrysler
    150 Ottawa Avenue, N.W., Suite 1500
    Grand Rapids, MI 49503
    Tel: 616.752.2000
    ebardelli@wnj.com
    achrysler@wnj.com

*Attorneys for Plaintiffs/Counter-Defendants Access Business Group International, LLC and Access Business Group LLC*

PERKINS COIE LLP

By: /s/ Edwin M. Baum
    Edwin M. Baum
    LaMarte Williams, Jr.
    1155 Avenue of the Americas, 22nd Floor
    New York, New York 10036-2711
    Tel: 212.262.6900
    Fax: 212.977.1649
    EBaum@perkinscoie.com

*Attorneys for Defendant/Counter-Plaintiff Refresco Beverages US Inc.*

## APPENDIX A

## Access Business Group International, LLC ("ABGIL") and Access Business Group LLC ("ABG")
## Custodians

| Name: | Jillian Moir |
|---|---|
| Email Accounts: | jillian.moir@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Jess Florek |
|---|---|
| Email Accounts: | jess.florek@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Sarah Waddell |
|---|---|
| Email Accounts: | sarah.waddell@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Emily Hagadorn |
|---|---|
| Email Accounts: | emily.hagadorn@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Xun Yan |
|---|---|
| Email Accounts: | xun.yan@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Jake Koetsier |
|---|---|
| Email Accounts: | jake.koetsier@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Brian Turner |
|---|---|
| Email Accounts: | brian.turner@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Eric Schmidt |
|---|---|
| Email Accounts: | eric.schmidt@amway.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

### Refresco Beverages US Inc. ("Refresco")

### Custodians

| Name: | Dan Harty |
|---|---|
| Email Accounts: | Dan.Harty@refresco.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Doug Poulos |
|---|---|
| Email Accounts: | Doug.Poulos@refresco.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Joel Kapp |
|---|---|
| Email Accounts: | Joel.Kapp@refresco.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Omar Al-Saigh |
|---|---|
| Email Accounts: | Omar.Alsaigh@refresco.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Brooke Cline |
|---|---|
| Email Accounts: | Brooke.Cline@refresco.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Jon Marshall |
|---|---|
| Email Accounts: | Jon.Marshall@refresco.com |
| Date Range: | 7/1/2019 to 12/31/2021 |

| Name: | Amy Merideth |
|---|---|

156801861.3

| | |
|---|---|
| **Email Accounts:** | Amy.Merideth@refresco.com |
| **Date Range:** | 7/1/2019 to 12/31/2021 |

| | |
|---|---|
| **Name:** | Joe Mikula |
| **Email Accounts:** | Joe.Mikula@refresco.com |
| **Date Range:** | 7/1/2019 to 12/31/2021 |

| | |
|---|---|
| **Name:** | Ramon Ruesga |
| **Email Accounts:** | Ramon.Ruesga@refresco.com |
| **Date Range:** | 7/1/2019 to 12/31/2021 |

156801861.3

## APPENDIX B

| Search Term to be used by ABGIL and ABG ||
|---|---|
| **Custodians** | **Term Syntax** |
| All | "Refresco" |

| Search Term to be used by Refresco ||
|---|---|
| **Custodians** | **Term Syntax** |
| All | "ABG*" or "AMWAY" |

156801861.3