SO ORDERED.

Dated: May 9, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ACCESS BUSINESS GROUP                          :
INTERNATIONAL, LLC, and ACCESS                 :
BUSINESS GROUP LLC,                            :         Case No.:  1:21-cv-10779-LGS
                                               :
          Plaintiffs/Counter-Defendants,       :         [PROPOSED] STIPULATED
                                               :         PROTECTIVE ORDER
v                                              :
                                               :
REFRESCO BEVERAGES US INC.,                    :
                                               :
          Defendant/Counter-Plaintiff.         :
-------------------------------------------------------------x


          Whereas the Parties having agreed to the following terms of confidentiality, and the Court

having found that good cause exists for the issuance of an appropriately tailored confidentiality

order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED**

**AS FOLLOWS:**

          1.     "Confidential Information" is information of a type contemplated by Rule

26(c) of the Federal Rules of Civil Procedure which a party, in good faith, regards as

proprietary, trade secret(s), or otherwise sensitive non-public information.

          2.     A party producing discovery material in this action may designate documents

as Confidential Information and restricted in disclosure under this Order by placing or

affixing the word "Confidential" on the document in a manner that will not interfere with the

legibility of the document.  All discovery material designated as "Confidential," including,

but not limited to, any copies, abstracts, digests, notes, and summaries thereof, shall be

treated as Confidential under the provisions of this Order.

          3.     Confidential Information produced in this litigation will be used solely for the

preparation, trial, and appeal of this action (including any action to enforce or set aside an

award entered herein), and shall not be used for any other purpose, including, but not limited

to, the preparation or trial of any other action involving these or other parties.  Except as provided in the following paragraph 4, all documents designated as Confidential shall not be disclosed to any person except the following:

(a)     **Parties**.  Parties to the action, including officers, directors of employees of any party, or consultants engaged in the regular course by any party (whom, each party shall instruct, must comply with this Order);

(b)     **Counsel**.  Counsel for the Parties, including outside and in-house counsel, and employees and agents of counsel, who have responsibility for the preparation and trial of the action;

(c)     **Consultants, Investigators and Experts**. Consultants, investigators and experts retained or consulted by the Parties or counsel for the Parties to assist in the preparation, trial, and appeal of the action and who have agreed to be bound by this Order by signing a certification in the form attached hereto as Exhibit A;

(d)     **Witnesses**.  Witnesses at, or in preparation for, their deposition or trial, in which event such witnesses shall only be shown the Confidential Information and shall not be allowed to retain copies unless the respective witness has signed a certification in the form attached hereto as Exhibit A;

(e)     **Judicial Officers and Court Personnel**.  Judicial officers and personnel of the United States District Court for the Southern District of New York (including the mediator); and

(f)     **Court Reporters and Recorders**.  Stenographic reporters retained by the parties to transcribe depositions.

4.      The parties at present do not contemplate that any documents to be produced will warrant a designation of "For Attorneys' or Experts' Eyes Only."  In the event any party determines that any document(s) it shall produce warrants such designation, that party shall affix to the document(s) the phrase "Highly Confidential - [Proposed] for Attorneys' or Experts' Eyes Only".  The parties will thereafter meet and confer about terms for handling the document(s) so designated, and enter into such agreement between the parties, or agreement upon a proposed amendment or supplement to this Order to be submitted to the Court, as they may agree is warranted.  In the event the parties have not reached any such agreement within 14 calendar days after the document(s) have been produced with the designation "Highly Confidential - [Proposed] for Attorneys' or Experts' Eyes Only", the party producing the document(s) may, within seven calendar days after the expiration of that fourteen-day period, file a letter motion with this Court, in the manner provided in Judge Schofield's Rule III.C.3, requesting and amendment or supplement to this Order concerning the document(s).  If such a motion is timely filed, until such motion is decided by the Court the receiving party will not disclose the document to any person other than its outside or in-house counsel or experts; if such a motion is not timely filed, the document(s) may be handled and disclosed in the manner provided in this Order for documents designated "Confidential."

5.      Persons to whom Confidential Information is shown or disclosed pursuant to paragraphs 3(c) and 3(d) above shall be advised that the Confidential Information is subject to this Order and may only be disclosed and used under the terms of this Order.

6.      Any party who has received Confidential Information, and who is thereafter compelled by any law, subpoena, Court order or other compulsory process (collectively,

3

"compulsory process") to disclose such Confidential Information to a person or in a manner beyond the terms authorized in this Order, will use all reasonable efforts to promptly notify the producing party of the request for or obligation to provide such disclosure.  Any such party shall also disclose only the particular Confidential Information required to be disclosed by the compulsory process and shall make all reasonable efforts to protect any remaining Confidential Information from disclosure in accordance with the terms of this Order.

       7.    Confidential Information may be used during testimony in discovery depositions, hearing and at the trial of this action, subject to the Federal Rules of Evidence and applicable rulings of the Court, and may be used by the persons designated in Paragraph 3 to prepare for any trial, hearings, or depositions held in this action, under the terms of this Order.  Prior to the time of trial in this matter, counsel for the parties will confer with the Court for the purpose of deciding how Confidential Information introduced into evidence will be treated in the Court record and what protective instructions will be given to the jury regarding the Confidential Information.

       8.    Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

       9.    All social security numbers, taxpayer-identification numbers, birth-dates and financial account numbers should be redacted from any and all Confidential documents before use in any proceedings in this matter, including, but not limited to, depositions, dispositive motions, or trial.

       10.    Any party may, on the record of any deposition or within twenty (20) days after receipt of a copy of the transcript, designate all or any portion of the testimony or any

exhibit thereto as Confidential Information under the terms of this Order, and such testimony or exhibit shall be subject to the terms of this Order as set forth herein.  Pending the expiration of such twenty days, deposition transcripts and exhibits shall be treated as Confidential Information in their entirety in accordance with the provisions of this Order.

11.   Whenever a party objects in writing to the designation of discovery material as Confidential Information, that party that produced the material may file a letter-motion with the Court, in the manner provided in Judge Schofield's Rule III.C.3, within fourteen days after receipt of the written objection, seeking a ruling that such discovery material shall be treated as confidential.  If such a letter-motion is not filed within that fourteen-day period, the discovery material shall cease to deemed and treated as Confidential Material.  If such a letter-motion is timely filed, until this Court enters an order changing the designation, the discovery material shall be treated as Confidential Information as originally designated in accordance with this Order.

12.   The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed.

13.   Pursuant to Federal Rule of Civil Procedure 502, the inadvertent disclosure of privileged communication shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

14.   Nothing in this Order shall be intended or construed to limit the manner in which a producing party may use, disclose, store, or otherwise treat its own Confidential Information for purposes unrelated to this litigation.

15.   The provisions of this Order shall continue in effect with respect to any Confidential Information unless expressly released by the party who has designated the discovery material as Confidential Information, and such effectiveness shall survive the entry of a final judgment in this case.  Upon the conclusion of this litigation, all Confidential Information shall within sixty (60) days either (i) be returned to the producing party, or (ii) at the option of the receiving party, be destroyed and a certificate of destruction shall be forwarded to the producing party; provided, however, that counsel for the parties are permitted to retain in their litigation files copies of briefs, pleadings and other court submissions, expert reports, and attorney work product, and provided further that all such documents containing Confidential Information shall continue to be labeled and in perpetuity be treated as "Confidential" in accordance with the terms and conditions of this Order.  "Conclusion of this litigation" shall be construed as the date thirty (30) days following entry of a final, non-appealable order disposing of this action.

16.   The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as Confidential.

**SO STIPULATED AND AGREED:**

_____        _____
Edward J. Bardelli                                          Edwin M. Baum
*Attorney for Plaintiffs/*                              *Attorney for Defendant/*
*Counter-Defendants*                                  *Counter-Plaintiff*

Dated: _____                      Dated:  _____

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Access Business Group International LLC, et al. v. Refresco Beverages US Inc.*, Case No. 1:21-cv-10779-LGS (United States District Court - S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court and counsel has made that Order available for my review.

I understand that I am bound by that Order with respect to the documents or information labeled as "Confidential".  I hereby agree that I will comply with the terms of that Order and will not disclose any information contained in such documents to any person other than as expressly permitted by the Order. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____