UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCESS BUSINESS GROUP INTERNATIONAL, LLC, et al.,

                Plaintiff,

-against-

REFRESCO BEVERAGES US INC.,

                Defendants.

21-cv-10779 (AS)

MEMORANDUM OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Access Business Group sued Defendant Refresco Beverages after the aluminum cans containing Access's drinks corroded and leaked. This order resolves Plaintiff's motion *in limine* to exclude Defendant's expert, Dr. Gabriel Miller. Dkt. 100. For the reasons that follow, that motion is DENIED.

**LEGAL STANDARD**

Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579 (1993), the proponent of an expert witness must show: (1) that the "witness . . . is qualified as an expert by knowledge, skill, experience, training, or education," (2) that the expert's "testimony is based on sufficient facts or data," (3) that the expert's "testimony is the product of reliable principles and methods," and (4) that "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 539 (S.D.N.Y. 2004) (Rule 702 "incorporates principles established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, in which the Supreme Court charged trial courts with a gatekeeping role to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" (quoting *Daubert*, 509 U.S. at 589)).[1] The proponent of the expert testimony must also show that "the testimony is relevant and will assist the jury." *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 341 F. Supp. 3d 213, 239–40 (S.D.N.Y. 2018), *aff'd*, 982 F.3d 113 (2d Cir. 2020).

"It is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions, representing a departure from the previously widely followed, and more

---

[1] Rule 702 was recently amended. The amendments make clear that the proponent of expert evidence must demonstrate that it is "more likely than not" that each of the Rule 702 factors is satisfied. Rule 702(d)'s language was also modified to require that an "expert's opinion reflect[] a reliable application of the principles and methods to the facts of the case." These amendments go into effect on December 1, 2023, so the old rule still applies to this motion. But on either version, Access's motion would be denied.

1

restrictive, standard of *Frye v. United States*, 293 F. 1013, 1014 (D.C. Cir. 1923)." *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005). Nevertheless, under *Daubert*, "trial judges are charged with ensuring that expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Zuchowicz v. United States*, 140 F.3d 381, 386 (2d Cir. 1998) (quoting *Daubert*, 509 U.S. at 597). "Thus, while *Daubert* and the Federal Rules of Evidence 'allow district courts to admit a somewhat broader range of scientific testimony than would have been admissible under *Frye*, they leave in place the 'gatekeeper' role of the trial judge in screening such evidence.'" *Id.* (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997)).

## DISCUSSION

Dr. Miller is proffered by Refresco as a chemistry expert. As an initial matter, Refresco argues that because Miller is a rebuttal expert, he is subject to a different standard. Not so. True, with respect to reliability under Rule 702(c) and (d), "defendants' experts have a less demanding task, since they have no burden to produce models or methods of their own; they need only attack those of plaintiffs' experts." *In re Zyprexa Prod. Liab. Litig.*, 489 F. Supp. 2d 230, 285 (E.D.N.Y. 2007) (Weinstein, J.). But the expert must still satisfy Rule 702. Refresco may not offer unreliable expert testimony simply because it doesn't bear the ultimate burden of proof. *Contra* Dkt. 108 at 17. Not to mention, in this case, Miller is offered both to rebut Access's expert and to support Refresco's theory. In any event, the Court finds (by a preponderance of the evidence with respect to each element) that Miller satisfies Rule 702.

### A. Miller is qualified

Access first argues that Miller is unqualified. They say his background and experience are in aerospace engineering and that he has never worked with aluminum. This characterization is unduly narrow. Miller was a professor of chemistry for nearly twenty years. And even his aerospace work "involves a lot of fluid mechanics" and "a lot of chemistry." Miller Tr. 21:4–14. More specifically, in working on boilers and engines, he has experience with "corrosion of boiler tubes" due to "electrolytic compounds" and has a "careful understanding of metallurgy." Miller Tr. 16:24–18:9; 25:24–27:13.

At bottom, Refresco's argument is that Miller does not have experience with the exact subject matter of this case. True enough. But "[i]f the expert has educational and experiential qualifications in a general field closely related to the subject matter in question, the court will not exclude the testimony solely on the ground that the witness lacks expertise in the specialized areas that are directly pertinent." *In re Zyprexa*, 489 F. Supp. 2d at 282. Miller meets that standard.

### B. Miller's testimony is reliable

Access next challenges Miller's testimony on the ground that is "conclusory and speculative." Dkt. 101 at 11. It also says Miller's "opinions are based only on generalized theories" and one study about hand sanitizer's effects on aluminum cans. *Id.* at 12–14. Again, Access has a cramped reading. Even if Miller is extrapolating from his general chemistry knowledge, that might simply

reflect that "the particular application at issue may never previously have interested any scientist." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999).

So long as Miller made "some effort to account for alternative explanations" and demonstrated rigor, his testimony is sufficiently reliable. *In re Zyprexa*, 489 F. Supp. 2d at 285. Here, Miller testified about the chemistry of the acrylic in the liners and the drink formulas' "aggressive[ness]." Miller Tr. 32:3–33:10. He also mentions the hand-sanitizer study criticized by Access. But even if the study is not directly on point, it could still be helpful to a chemist who can identify applicable parts of the results. And much like Access's expert, Miller has logically applied his chemistry expertise to the sequence of events in this case. Miller Tr. 28:12–31:6, 40:24–42:7.

An expert should be excluded only if there are "serious flaws in reasoning or methodology." *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 173 (S.D.N.Y. 2009). If the testimony falls within "the range where experts might reasonably differ," the testimony should go to the jury to decide its weight. *Kumho Tire*, 526 U.S. at 153. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Just so here. Miller's testimony doesn't contain "serious flaws" warranting exclusion. Refresco has shown at this stage that Miller's testimony has a sufficient basis, is the product of reliable principles, and that his opinion reflects a reliable application of those principles to the facts here. Access's arguments must be made to the jury.

### C. Miller's testimony is helpful

Finally, Access argues that Miller's testimony will not help the jury. It says that Miller testifies only about the undisputed fact that Access's drink would have corroded bare aluminum. Again, that misrepresents the scope of Miller's testimony. Miller rebuts Access's theory of the case by testifying about the timeline of the corrosion and the interaction between the liner and the "aggressive" drink in this case. Miller Tr. 28:12–33:10, 40:24–42:7. Plus, Miller can explain the other technical evidence in the record, such as Refresco's enamel testing. *In re Zyprexa*, 489 F. Supp. 2d at 283 ("Freely admitted is expert testimony that is likely to substantially assist the average person in understanding the case—even if it simply explains facts and evidence already in the record."). This testimony is more than enough to clear the bar for relevance. *Id.* at 285 ("It is critical that doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions." (internal quotation marks omitted)).

## CONCLUSION

For the reasons above, Access's motion is DENIED. By December 6, 2023, the parties shall submit a joint letter proposing potential trial dates in January, February, and March 2024.

SO ORDERED.

Dated: November 30, 2023
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge